**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**STATESVILLE DIVISION**
**DOCKET NO. 5:16-CV-201-RLV-DCK**

| | | |
|---|---|---|
| **ETHEL BROWN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CONSENT PROTECTIVE ORDER** |
| | ) | |
| **INSPIRATION FOR ASPIRATIONS, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

Upon motion of Defendant, with the consent of Plaintiff, and for good cause shown:

IT IS ORDERED that:

1.      All documents and things designated by the parties as confidential in this case, the contents of such confidential documents, and any deposition testimony designated as confidential shall be kept confidential and shall not be disclosed to anyone except as provided herein. Confidential materials specifically include all documents and information concerning  Defendant's employees other than Plaintiff and all of Defendant's business and financial records,  and all information pertaining to any of Defendant's clients such as Protected Health  Information. The parties shall designate in good faith such documents and deposition testimony  which they believe to be confidential. Acceptance by a party of any information, document, or  thing identified as "Confidential" pursuant to this Protective Order shall not constitute a  concession that the information, document, or thing is confidential material. In the event the  parties disagree as to any designation of confidential documents or information, they shall submit  the issue to the Court for its determination. Until a final determination of the issue by the Court,  such documents and information shall be treated as confidential under the terms of this Order.

1

2. Parties may designate confidential materials in the following manner:

(a) In the case of documents or other written materials, by affixing to each page of every such document, at the time of production, the word "Confidential" by stamp or other method that will make the word conspicuous;

(b) In the case of documents or other written materials that a party obtains through third-parties, by requesting that the party seeking the material affix to each page of every such document, at the time of obtaining such material, the word "Confidential" by stamp or other method that will make the word conspicuous;

(c) In the case of depositions or other pretrial testimony in this action by the parties or any of their officers or employees, by a statement to that effect on the record by counsel for the party who claims that confidential material is about to be or has been disclosed. Unless the parties intend to designate all of the information contained within a particular document or deposition testimony as confidential material, counsel for that party should indicate in a clear fashion the portion of the document or testimony that is intended to be designated confidential.

3. Nothing in this Protective Order shall prevent or impair the use by a party of confidential materials as set forth in paragraphs 1 and 2 of this Agreement in proceedings in this litigation, including motion papers, affidavits, briefs, other papers, and depositions filed with the Court or at any deposition, hearing, conference, or trial before the Court so long as the confidentiality of such information is protected as provided herein. No confidential documents or deposition testimony shall be filed with the Court except in a sealed envelope marked "Confidential: Subject to Protective Order."

4.      Confidential information furnished or disclosed in these proceedings by any party shall be furnished or disclosed only to the attorneys (including employees of their firms actively engaged in this litigation), to the parties (including any officer, director, member, or manager of any company party), and to any experts or consultants specially retained by such attorneys to assist them in the preparation of this case or identified as a witness at the trial of this case.

5.      No person who obtains confidential information in the course of this litigation shall use such confidential information for commercial benefit or for any purpose other than for purposes of this litigation.

6.      Following the conclusion of this case, and subject to any order of the Court regarding the ultimate disposition of protected materials, all documents designated confidential by any party and subject to this Protective Order (other than documents retained by the Court) and any copies thereof shall be promptly (and in no event later than thirty days after entry of a final judgment no longer subject to further appeal) returned to the party who produced them or certified as destroyed. (For purposes of this paragraph 6, "documents" subject to a duty to return to the producing or releasing party shall not be deemed to include transcripts of deposition testimony or the attorney work product of the nonproducing party).

7.      This Protective Order applies to copies, summaries, and compilations of any confidential documents.

8.      This Protective Order is entirely without prejudice to the right of any party to  apply to the Court for any further Protective Order relating to confidential information; to object   to the production of documents or information; or to apply to the Court for an order compelling production of documents or information.

9. This Protective Order is subject to further order of the Court. If either party believes this Protective Order unreasonably impedes discovery to a party or the use of information discovered from a party for purposes of this litigation, or provides insufficient protection regarding discovery materials produced by a party, that party may serve notice upon the parties and request that the Court modify this Protective Order.

Signed: July 10, 2017

David C. Keesler
United States Magistrate Judge

Consented to by:

*/s/ Todd J. Combs*
Todd J. Combs
*(electronically signed by Defendant's counsel*
*with Mr. Combs's express permission)*
NC Bar No. 23381
Combs Law, PLLC
*Attorney for Plaintiff Ethel Brown*

*/s/ Kevin M. Ceglowski*
Kevin M. Ceglowski
N.C. State Bar No. 35703
Poyner Spruill LLP
*Attorneys for Defendant Inspiration for Aspirations, LLC*